# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-3319

JOHN GERMANO, as an Individual
and as a Class Representative,

*Plaintiff-Appellant*,

v.

WINNEBAGO COUNTY, ILLINOIS,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Western Division.
No. 01 C 50033—**Philip G. Reinhard**, *Judge.*

———————

ARGUED JANUARY 10, 2005—DECIDED APRIL 13, 2005

———————

Before CUDAHY, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* John Germano, individually and
as a class representative, brought suit against Winnebago
County, Illinois, alleging deprivation of a property interest
without due process of law. The plaintiffs argue that their
due process rights were violated when the county required
retired sheriff's deputies to pay higher health care premi-
ums than were required from currently employed deputies.
The district court granted summary judgment in favor of
Winnebago County. For the reasons set forth in this opin-
ion, we affirm.

## I.  History

John Germano and the class members he represents are retired deputies of the Winnebago County Sheriff's Department. The county provides two health insurance plans for employees of the department. Until January 1, 2000, the base premium rates were the same for all deputies. However, since that date, the Winnebago County Board has required that retired deputies pay higher premiums than active deputies pay for participation in the health plans. In addition, as of 2001, retired deputies over the age of 65 are not permitted to enroll or continue participation in the health plans, even though active deputies aged 65 or older are permitted to participate in the plans.

The plaintiffs argue that these actions have deprived them of property rights granted by the deputy's continuance privilege, which is codified at 215 Ill. Comp. Stat. 5/367h. Because the Winnebago County Board did not hold any sort of pre-deprivation hearing, the plaintiffs assert that a due process violation occurred. The county concedes that its actions were contrary to Illinois law but contends that the actions do not constitute a due process violation under 42 U.S.C. § 1983. Specifically, the county asserts that because the actions were "random and unauthorized," no pre-deprivation hearing procedures were required.

## II.  Analysis

This case comes to us on a grant of summary judgment in favor of Winnebago County. The case is thus subject to *de novo* review, and we will review the record in the light most favorable to the nonmoving party. *See Grayson v. City of Chi.*, 317 F.3d 745, 749 (7th Cir. 2003). Summary judgment is properly granted when "there is no genuine issue of material fact and . . . [the moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

This case is in federal court because a violation of 42 U.S.C. § 1983 is alleged. Such a violation occurs when (1) the offending conduct was committed by someone who acted under the color of state law; (2) the actions deprive the plaintiff of a constitutionally protected property interest; and (3) the alleged deprivation occurred without due process of law. *See Easter House v. Felder*, 910 F.2d 1387, 1394 (7th Cir. 1990) (en banc) (citation omitted).

Winnebago County concedes that the action taken by it was under the color of state law; thus, the first requirement is easily established. The second criterion requires a bit more analysis, but we find that a property interest does exist here. When considering whether Germano was deprived of a recognized property interest, we look for "a legitimate claim of entitlement." *Id.* at 1395 (citation omitted). "A claim of entitlement is defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (quotation omitted).

The state law in question, 215 Ill. Comp. Stat. 5/367h, does provide property rights to the retired deputies. The statute states that a county "shall provide continued group insurance coverage for a deputy throughout the retirement. . . ." § 5/367h(3). The statute also requires that "[c]ontinued group insurance shall be provided [to retired deputies] . . . at the same premium rate from time to time charged . . . to covered deputies whose retirement or disability period has not begun . . . ." *Id.* There is no doubt that the Winnebago County policy is in violation of this state law. The statute creates a claim of entitlement to retired deputies; therefore, the county's actions deprived Germano and his class of a constitutionally protected property interest.

The final and most difficult question is whether the deprivation occurred without due process of law. The due process clause of the Fourteenth Amendment "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate pro-

cedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). So, when property is taken by government action, due process generally requires that the government provide an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken . . . ." *Id.* at 546. It is undisputed that Germano and his class were not given such an opportunity. The analysis, however, does not end here.

The Supreme Court found that when the deprivation of a property right by a governmental agency is "random and unauthorized," the action does not violate the due process clause. *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In *Parratt*, the plaintiff, an inmate of a state prison, did not receive hobby materials he had ordered because normal procedures for the handling of mail at the prison were not followed. *Id.* at 530. He argued that the conduct of the prison officials deprived him of property without due process of law. *Id.* The Court explained that although the plaintiff had been deprived of property by the state, "the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure." *Id.* at 543. Similarly, in *Easter House*, a case where a state agency wrongfully refused to renew the license of an adoption agency, we found that there was no viable § 1983 claim when "the State of Illinois adopted a procedure which provided adequate due process protection; it contained no loopholes which would allow a deprivation to occur without due process unless the state employees acted in an unforeseen way." 910 F.2d at 1404. In fact, there was no property deprivation until the party acting under color of state law "took action which went beyond the realm of the foreseeable." *Id.* The actions of the state were, in other words, random.

Germano and his class argue that the action by the county board cannot possibly be considered unauthorized because the county board acts as Winnebago County and is the final decision maker on issues delegated to it by the state. However, even if the county is permitted to exercise some discretion on issues such as health insurance for retired deputies, the discretion is not unregulated. *See id.* at 1401. A county only has discretion to act in a way that is consistent with state law.

In determining whether a due process violation occurred, it is important to consider whether the deprivation was predictable. *See id.* at 1400. Germano, like the plaintiff in *Easter House*, "points to nothing which would indicate that the state knew or should have known that the appellants or other state employees had disregarded, or were likely to disregard the state's established procedure. . . ." *Id.* at 1401. The issue is whether the action of the county board, "which clearly contravenes established state policy and procedure as contained within formal rules, regulations, and statutes, automatically becomes the state's new position in all similar matters or whether the act, when viewed from the state's perspective, is merely a 'random and unauthorized' deviation." *Id.* at 1402. It is clear that the actions of Winnebago County were not authorized by the state; indeed, the actions were in direct violation of state law and should not be considered a basis for a due process claim.

Another factor worth discussing is whether there are adequate state remedies for the deprivation at issue. Such remedies would make it less likely that a § 1983 claim should survive. In *Parratt*, the Supreme Court noted that state remedies were available, and even though "the state remedies may not provide [plaintiff] with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." 451 U.S. at 544. We interpreted Supreme Court precedent

as an "attempt[ ] to strike a balance between the competing interests of providing a remedy for injuries sustained in connection with violations of constitutional rights and avoiding the use of § 1983 as just another opportunity for parties to shop between state and federal forums." *Easter House*, 910 F.2d at 1404.

When applying the facts of this case to the law as set forth in *Parratt* and its progeny, we find that the random and unauthorized exception applies to the plaintiffs' case. Illinois law prohibits the actions taken by Winnebago County with regard to the health insurance policies of retired sheriff's deputies. The county's decision to act contrary to this state law was not authorized and could not have been predicted or prevented by the state through any sort of pre-deprivation hearing. The district court correctly found that "[n]o process afforded plaintiff would have been sufficient to establish [that the county] could charge [the retired deputies] rates different than those charged non-retired deputies."

The retired deputies were denied their rights under the deputy's continuance privilege. However, "[f]ailure to implement state law violates that state law, not the Constitution; the remedy lies in state court." *Civil Liberties for Urban Believers v. City of Chi.*, 342 F.3d 752, 767 (7th Cir. 2003) (citation omitted).

## III. Conclusion

For the reasons set forth in this opinion, the district court's decision to grant summary judgment in favor of Winnebago County is AFFIRMED. The district court properly declined to exercise supplemental jurisdiction over the state law claims. These claims are DISMISSED without prejudice.

A true Copy:

   Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*