**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 19, 2006*

Decided July 21, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

No. 05-4314

WARREN G. LILLY, JR.,
    *Plaintiff-Appellant*,

    *v.*

CATHY JESS, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 05-C-490-C

Barbara B. Crabb, *Chief Judge*.

**Order**

The district court dismissed this prisoner's complaint after screening under 28 U.S.C. §1915A. Warren Lilly contends that the prison system failed to provide him with adequate access to legal materials and violated several state laws and regulations concerning the handling of prison mail and legal materials. None of the arguments concerning state laws and regulations states a claim under 42 U.S.C. §1983, which is limited to redressing claims based on federal law (including the Constitution). See *Germano v. Winnebago County*, 403 F.3d 926, 929 (7th Cir. 2005); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). We confine our attention to the one claim resting on federal law: that state officials interfered with Lilly's access to the

---

* Appellees have waived their right to file a brief. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision without argument. See Fed. R. App. P. 34(a); Cir. R. 34(f).

courts by failing to provide materials adequate for legal research. See *Bounds v. Smith*, 430 U.S. 817 (1977).

When Lilly filed his complaint, he was in the segregation unit of Dodge Correctional Institution. Lilly alleged that Dodge provides only a "starter law library" to inmates in segregation. The general population enjoys a well-stocked library with a librarian, access to computer-assisted research tools, self-help material, and typewriters; Lilly alleges that the "starter law library" is missing all of these things and has only meager, outdated materials. Inmates in segregation can use this "starter" library to frame requests for materials from the main library, but Lilly alleges that it may take weeks for the main library to fulfil requests.

The district court concluded that the complaint is deficient because it fails to "allege facts from which an inference [could] be drawn that the limitation on … access to legal materials prevented [Lilly] from litigating a non-frivolous suit." Interference with concrete litigation is something Lilly would need to prove in order to succeed. See *Lewis v. Casey*, 518 U.S. 343 (1996). But complaints need not allege facts corresponding to everything that the plaintiff must prove; Fed. R. Civ. P. 8 requires plaintiffs to allege *claims*, which is to say grievances. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006) ("[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)."). Lilly's grievance can be discerned from his complaint.

Nonetheless, §1915A permits district judges to dismiss a suit as frivolous even if the complaint states a recognized claim (as this complaint does). Prisoners in segregation legitimately lose access to amenities provided to prisoners in the general population; it would not be sensible (and is not required) for prisons to have two full law libraries, or to release prisoners from segregation (where considerations of punishment or safety require their confinement) to browse the open stacks of a general library. Prisoners who want complete access should behave themselves and earn a right to remain in the general population.

Quite apart from what is (or isn't) in the complaint, moreover, Lilly has never explained—not in the district court, not in his appellate brief—how he lost any suit because of the starter library's deficiencies. He makes general allegations, which may do in a complaint but must be fleshed out in a brief. He maintains, for example, that a motion for preliminary injunctive relief was denied because he delayed filing documents while trying to do additional research, but this sounds like a self-inflicted wound. He should have filed the papers under the court's schedule; then if some shortfall in his research caused a defeat he might have a sound claim under *Lewis*. It is missing indispensable legal arguments, not missing a judicial deadline, that *Lewis* makes a component of the inmate's claim. Many a lawyer with full access to all the world's legal materials has missed a deadline.

We appreciate that without good access to a law library (for that matter, without a legal education) a prisoner may never *know* which suits have been lost (or not filed) because of deficient access to legal materials. That obstacle is built into *Lewis*, however; the Supreme Court has not held that prisoners are entitled to full-service

law libraries for the purpose of researching claims that would establish entitlement to full-service law libraries under the *Lewis* standard.

Lilly has failed to establish that his suit is other than frivolous, so its dismissal under §1915A is affirmed.