In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3857

RONALD MICHALOWICZ,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF BEDFORD PARK,
a municipal corporation,
DAVID R. BRADY, individually and
as Mayor of the Village of Bedford Park
and President of the Board of Trustees,
JOHN C. HOLLOWAY, individually and
as member of the Board of Trustees, et al.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 2824—**James F. Holderman**, *Chief Judge.*

———————

ARGUED APRIL 12, 2007—DECIDED JUNE 11, 2008

———————

Before RIPPLE, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* For 28 years Ronald Michalowicz was a firefighter and fire inspector for the Village of Bedford Park, Illinois. In 2003 he was diagnosed with an often fatal form of tongue cancer. With the permission of

Bedford Park's mayor, some of Michalowicz's coworkers began soliciting donations from local businesses to help cover the cost of his treatment. Shortly after successfully completing treatment and returning to work, Michalowicz was fired for accepting donations from businesses subject to fire inspection and allegedly failing to adequately inspect their properties.

Michalowicz maintains the procedures surrounding his termination were constitutionally insufficient. Specifically, he contests whether he was given adequate notice and opportunity to respond at his pretermination hearing, and whether the body that presided over his posttermination hearing—the Village Board, the same body that presided over his pretermination hearing—was biased against him. However, Michalowicz also alleged in his complaint that the Village did not comply with existing state and municipal laws that would have addressed these procedural defects. As long as adequate state-law remedies exist for such random and unauthorized conduct, relief may not be obtained in federal court. Because the Illinois Administrative Review Act, 735 ILL. COMP. STAT. 5/3-101 *et seq.*, authorizes review in state court and permits either remand for rehearing or outright reversal of administrative decisions that are unsupported by the evidence or legally defective, state law provides adequate remedies for the violations Michalowicz alleges. We therefore affirm the district court's dismissal of Michalowicz's complaint for failure to state a claim.

## I.  Background

Michalowicz worked for the Village of Bedford Park as a firefighter for 17 years and as a fire inspector for 11 years.

In October 2003 Michalowicz was diagnosed with a rare and often fatal form of tongue cancer, which required him to take a leave of absence for treatment from March 2004 to January 2005. With the mayor's approval, two of Michalowicz's coworkers began soliciting donations from local individuals and businesses to assist with Michalowicz's medical expenses. During his leave of absence, their campaign raised approximately $25,000, which was put into a special fund dedicated to paying Michalowicz's medical bills.

After successful treatment, Michalowicz returned to work in January 2005. On July 20, 2005, he received a letter from Sean Maloy, chief of the Village Fire Department, informing him he was under investigation on suspicion of having "accepted gifts of cash and/or property from businesses or individuals associated with businesses that are subject to fire inspection" and having "failed to appropriately and adequately inspect facilities and properties." After receiving this notice, Michalowicz was interviewed twice by a Village Attorney. On August 20, 2005, he received another letter from Maloy informing him that Maloy planned to recommend his termination at an upcoming Village Board of Trustees meeting scheduled for August 25. This notice was accompanied by a document listing the charges against Michalowicz and the statute and ordinances he was alleged to have violated.

Michalowicz attended the August 25 board meeting accompanied by an attorney. Michalowicz's attorney was allowed to make a statement on his behalf but was not allowed to present any witnesses or evidence. Neither Maloy nor the Village Attorney presented any information regarding the evidence or witnesses against Michalowicz.

The meeting was simply adjourned after the statement by Michalowicz's attorney. The Board then reconvened on September 1 and summarily terminated Michalowicz. Shortly thereafter, Michalowicz received notice that he was entitled to a posttermination hearing in accordance with section 1-18-8 of the Village's municipal code. That hearing was held on April 5, 2006. Although section 1-18-8 required the hearing to be held before an independent employee relations committee, it was instead conducted— over Michalowicz's objection—by the Village Board. At the hearing Michalowicz was permitted to present evidence and witnesses contradicting the Village's allegations and cross-examine the witnesses against him. The Board upheld Michalowicz's termination on May 4.

Michalowicz subsequently filed this action under 42 U.S.C. § 1983 alleging violations of the Due Process Clause of the Fourteenth Amendment. He also filed for administrative review in Cook County Circuit Court. His federal complaint raised two claims: that his pretermination hearing was inadequate because it failed to comply with constitutional requirements of notice and opportunity to respond, and his posttermination hearing was inadequate because it was held before the same biased Village Board as his pretermination hearing. His pretermination claim specifically alleged he

> was not permitted to present evidence or to call witnesses; was not provided with any indication of the specific evidence against him, nor given a list of the Village's witnesses nor the names of any complainants; was not permitted to conduct any discovery [before, during or after]; nor was provided any other procedural safeguard to which he was otherwise entitled . . . .

The district court dismissed both claims with prejudice under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim. In doing so the court characterized Michalowicz's complaint as challenging only the failure to follow governing ordinances and statutes, rather than challenging the constitutionality of the procedures provided in the ordinances or statutes themselves. Concluding that the Village's alleged failure to follow applicable law was random and unauthorized, the court held that the state's duty was not to prevent such misconduct, but rather to provide adequate remedies after it occurred. Because it deemed the remedies found in the Illinois Administrative Review Act adequate, the court concluded no due-process violation had been stated. Michalowicz filed a motion to reconsider, but the court denied his motion and reaffirmed the dismissal. This appeal followed.

## II. Discussion

We review a district court's dismissal for failure to state a claim de novo, accepting the allegations in the plaintiff's complaint as true and drawing all favorable inferences for the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). However, because the relevant constitutional question is whether sufficient state-law protections *exist*, not whether sufficient protections were *afforded*, " '[a] complaint does not state a valid procedural due process objection . . . if it does not include a challenge to the fundamental fair-

ness of the state procedures.' " *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Daniels v. Williams*, 474 U.S. 327, 339 (1986) (Stevens, J., concurring)).

It is undisputed that Michalowicz had a protected property interest in his continued employment as a tenured Village fire inspector. Thus, our concern is with the procedural protections he was due—both predeprivation and postdeprivation—when he was terminated. Because the adequacy of pretermination procedures is dependent upon the extent of posttermination procedures, *see Swank v. Smart*, 898 F.2d 1247, 1256 (7th Cir. 1990) ("Only if there is no provision for a post-termination hearing must the pre-termination hearing provide all the procedural safeguards to which due process entitles a tenured public employee."), we first address Michalowicz's claim that his posttermination hearing did not comport with due process.

## A. Posttermination Hearing Claim

Michalowicz does not allege any inadequacy in the procedures of section 1-18-8 of the Village's municipal code, *see* BEDFORD PARK, ILL., CODE § 1-18-8, which governed his posttermination hearing.[1] Rather, he claims he was denied due process because the Village allowed the Board of Trustees—which he maintains was biased against him—to conduct his hearing instead of an independent

---

[1] As discussed in greater length in Part II-B, Michalowicz questions whether section 1-18-8 should have governed his termination due to his status as a union member. However, there is no dispute that the Village has continuously considered Michalowicz entitled to its protections.

employee relations committee as required by section 1-18-8. *See id.* (an employee relations committee member may "[n]ot be a full time regular employee, part time employee, or an elected or appointed official of the village").

This species of due-process claim is a challenge to the "random and unauthorized" actions of the state officials in question, i.e., to their unforeseeable misconduct in failing to follow the requirements of existing law. *See Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 540 (1981)); *see also Easter House v. Felder*, 910 F.2d 1387, 1396-98 (7th Cir. 1990) (en banc) (discussing *Parratt* in light of *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990)). Because such misconduct is inherently unpredictable, the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening. *See Doherty*, 75 F.3d at 323 ("Where state law remedies [to random and unauthorized conduct] exist, a plaintiff must either avail herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate."). Accordingly, Michalowicz's claim can stand only if Illinois law provides insufficient remedies for the violation he alleges.

"[W]e should not reject [a state-law remedy as inadequate] unless the remedy . . . can readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *Easter House*, 910 F.2d at 1406. The state-law remedy in question is the Illinois Administrative Review Act ("the Act"), 735 ILL. COMP. STAT. 5/3-101 *et seq.*, which estab-

lishes procedures for seeking state-court review of a final administrative ruling.

Michalowicz maintains the Act fails to meet the low threshold for adequacy because it provides that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." 735 ILL. COMP. STAT. 5/3-110; *see also Birdsell v. Bd. of Fire & Police Comm'rs of Litchfield*, 854 F.2d 204, 209 (7th Cir. 1988) (stating that § 5/3-110 prevents employees from "challeng[ing] the factual bases for administrative decisions in post-termination judicial proceedings"). Because the Act does not permit courts to take new evidence outside the administrative record, Michalowicz asserts, it provides no opportunity for a de novo hearing before a new decision-maker should he prevail on his claim that the Village Board was unauthorized or too biased to preside over his posttermination hearing.

Michalowicz's focus on his inability to introduce additional evidence on state-court judicial review under the Act is unclear. His argument is not that his ability to develop the factual record at his posttermination hearing was circumscribed, but rather that the Village Board was biased against him and therefore made inappropriate credibility determinations and manifestly erroneous conclusions *despite* the fully developed factual record. This sort of error may be remedied by state-court review of Michalowicz's legal and factual challenges to the Village Board's action against him. Such review is the essence of the Act, which permits review of "all questions of law and fact presented by the entire record," 735 ILL. COMP. STAT. 5/3-110; charges courts with "determin[ing] if the conclusion is against the manifest weight of the evidence," *Comito v. Police Bd. of Chi.*, 739 N.E.2d 942, 948 (Ill. App. Ct.

2000); and provides authority to reverse if so, *see* 735 ILL. COMP. STAT. 5/3-111(a)(5) ("The Circuit Court has power to affirm or reverse the decision in whole or in part.").

Illinois courts have recognized that the factual findings of administrative bodies may be challenged by a claim of bias or prejudice such as the one Michalowicz alleges. *See, e.g.*, *Comito*, 739 N.E.2d at 948 ("deferential standard [of review of factual record] is not controlling where the Board is prejudiced or biased against the claimant and incapable of giving him a fair hearing"); *A.R.F. Landfill, Inc. v. Pollution Control Bd.*, 528 N.E.2d 390, 394 (Ill. App. Ct. 1988) ("Where . . . the administrative agency is engaged in an adjudicatory capacity, bias or prejudice may be shown if a disinterested observer might conclude that the administrative body, or its members, had in some measure adjudged the facts as well as the law of the case in advance of hearing it."). Moreover, while it is true, as we recognized in *Birdsell*, that the Act does not permit the reviewing court to engage in *independent* fact-finding, it does permit the court to remand for additional fact-finding if necessary, *see* 735 ILL. COMP. STAT. 5/3-111(a)(7) (reviewing court may "remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just"), and "to give such other instructions as may be proper" on remand, *id.* § 5/3-111(a)(6). If the reviewing court were to find bias or procedural impropriety on the part of the Village Board, a remand for a de novo posttermination hearing in front of an unbiased adjudicator would fit comfortably within these broad powers.

Thus, the relief Michalowicz seeks—an independent review of whether the evidence supports his termination

and whether the Village Board was biased or failed to follow the prescribed procedure in connection with his termination—falls squarely within the ambit of the Act, both through the state court's own review of the administrative record and through its authority to remand for rehearing. *Cf. Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) ("Illinois law afforded [the plaintiff] all the process he was due . . . [through] administrative review of the Board's final decision under the Illinois Administrative Review Act."). Because the Act provides adequate remedies for the alleged violation of existing procedural requirements, Michalowicz has not stated a due-process claim arising from his posttermination hearing. *See Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 503 (7th Cir. 1999) (no procedural due-process violation results if "[t]he availability of administrative remedies at the hands of an unbiased decisionmaker" still exists), *overruled on other grounds by Higgins v. Mississippi*, 217 F.3d 951 (7th Cir. 2000).

**B.  Pretermination Hearing Claim**

Although the *scope* of the right to a pretermination hearing is dependent upon the adequacy of posttermination remedies, an independent right to a pretermination proceeding does exist in this context. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (due process "requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment" (citations and quotations omitted)). However, when adequate posttermination proceedings exist, a pretermination hearing need only provide "an initial check against mistaken decisions—essentially, a determination of whether there are reasonable

grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-46; *see also Schacht*, 175 F.3d at 503 (if "there is the opportunity for full administrative review once a termination decision has been reached, the pre-termination hearing can be somewhat truncated").

Michalowicz first maintains he was entitled to a full panoply of protections pretermination because the posttermination process guaranteed by section 1-18-8 is not available to union members like himself. Section 1-18-8 provides that a posttermination hearing before an independent employee relations committee is available "only to nonunion employees," and further states that "[t]he terms and conditions of a collective bargaining agreement shall govern all disciplinary matters involving union employees." Thus, it is only on account of alternative protections in his union contract that Michalowicz might have opted out of section 1-18-8. Michalowicz never suggests any collective bargaining procedure governed or should have governed his termination, and he acknowledges the Village consistently maintained he was entitled to a section 1-18-8 hearing despite his union status.[2] Indeed, he received such a hearing, and we have already determined Illinois law provides adequate remedies for the alleged procedural violations attendant to that hearing. Accordingly, sufficient posttermination protections existed to justify a truncated pretermination hearing.

---

[2] Michalowicz challenges whether he received an *adequate* section 1-18-8 hearing, but the only question relevant to his pretermination rights is whether he was *entitled* to such a hearing.

In its truncated form, "pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story*." Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (citation omitted). Michalowicz concedes he had notice of his August 25 pretermination hearing and the charges he would face. He argues he was not presented with any of the evidence supporting the Village's allegations against him and was not given an adequate opportunity to develop and present his version of the story. As to the latter argument, the additional process Michalowicz requests—an opportunity to conduct discovery, present evidence and witnesses, and confront witnesses against him—is process to which he is not entitled in a truncated pretermination hearing. *See Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 691 (7th Cir. 2004) ("[D]ue process does not require an employer to provide full 'trial-type rights' such as the right to present or cross-examine witnesses at the pre-termination hearing." (citation omitted)). These alleged pretermination hearing deprivations are not valid grounds for a due-process claim.

As to the former argument, Michalowicz maintains his pretermination hearing was governed by the Firemen's Disciplinary Act, which requires that a fireman be "informed [prior to any administrative proceeding] of the names of all complainants and all information necessary to reasonably apprise [him] of the nature of the charges and the preparation of a defense."[3] 50 ILL. COMP. STAT.

---

[3] The Village questions whether Michalowicz was entitled to these protections since at the time of his termination he was

(continued...)

745/3.2. This law clearly entitles Michalowicz to what he maintains he did not receive, namely, "an explanation of the employer's evidence." *Gilbert*, 520 U.S. at 929. However, because Michalowicz admits on the face of his complaint that this state law afforded him the constitutional protection he alleges he was denied, any violation of that law by the Village must be considered random and unauthorized. We have already determined that adequate legal remedies exist in Illinois law for such unforeseeable violations; accordingly, Michalowicz has not stated a pretermination claim upon which relief could be granted.

As alleged in Michalowicz's complaint, the scenario surrounding his termination from the Bedford Park Fire Department strikes us as troubling. But because state law provides adequate remedies for the procedural violations Michalowicz alleges, he has failed to state a due-process claim. The dismissal of his complaint is AFFIRMED.

---

[3] (...continued)
employed as a fire inspector rather than a fireman. We need not resolve this question for purposes of our review of the Rule 12(b)(6) dismissal.

---