NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008[*]
Decided October 7, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2035

| | |
|---|---|
| PRIEST DELON BUTLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 07 C 1096 |
| CITY OF MILWAUKEE, | |
| *Defendant-Appellee*. | Lynn Adelman, |
| | *Judge*. |

**O R D E R**

Priest Butler sued the City of Milwaukee for $25 million claiming that the City violated his rights under the Equal Protection clause when it failed to investigate an assault against him.  *See* 42 U.S.C. § 1983.  The district court dismissed his suit for failure to state a claim, and Butler appeals.  We affirm.

---

[*]The appellee notified this court that it was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

On appeal we defer to Butler's version of events, construing the facts in the complaint in the light most favorable to him. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Butler alleges that in July 2007 four African-American men viciously beat him, causing him to suffer a hand fracture and leaving cuts and bruises on his body. The attack occurred outside the home of Butler's ex-wife, Denise; she witnessed the beating. According to Butler he recognized one of his assailants as Dorenzo Clayborn, the father of two of Denise's children. During the attack Butler was knocked unconscious. When he came to, his assailants had fled the scene, and paramedics and police had arrived.

Two Caucasian police officers, Anthony Leno and Thomas Slowinski, interviewed Butler and then questioned Denise. At first, Denise contradicted Butler's story. She quickly recanted, though, and confirmed Butler's claim that Clayborn was one of his attackers. Leno and Slowinski nevertheless deemed the case "unsolvable" without taking down their statements or interviewing any other witnesses.

The next day Butler called the police and learned that officers Leno and Slowinski had closed his case without conducting an investigation. The department responded to Butler's call by dispatching different officers to his home to take down his statement and investigate the crime scene. According to the materials Butler submitted along with his complaint, the assistant district attorney declined to prosecute because Denise contradicted Butler's claim.

Butler then filed suit against the City of Milwaukee, Milwaukee County, the state of Wisconsin, and the Milwaukee Police Commission. After granting Butler permission to proceed in forma pauperis, the district court screened Butler's complaint and found that he had failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court reasoned that the City of Milwaukee was the only suable entity under Butler's § 1983 theory, but it concluded that Butler had failed to state a claim because a municipality could not be liable for the misdeeds of its employees. The court granted Butler leave to amend his complaint, but his amended complaint only reiterated the same claims against the City. The district court therefore dismissed Butler's amended complaint for failure to state a claim, again explaining that the City could not be held vicariously liable under § 1983 for the actions of its employees.

We review de novo the district court's dismissal for failure to state a claim, accepting as true all allegations in the plaintiff's complaint and drawing all inferences in the plaintiff's favor. *See Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). To state a claim under § 1983 against the City of Milwaukee, Butler was required to allege that his constitutional injury resulted from a City policy, a widespread and settled City practice, or the actions of a person with final policy-making authority. *Estate of Sims ex rel. Sims v.*

*County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Even reading Butler's complaint liberally, he has not stated a claim against the City. He does not allege that officers Leno and Slowinski acted pursuant to a City policy or practice, nor does he claim that an individual with final policy-making authority directed the officers' actions. He claims only that Leno and Slowinski deprived him of equal protection of the law when they closed his case. But the City is not vicariously liable for the misdeeds of its employees, *see Sims*, 506 F.3d at 514-15, and moreover Butler admits that once he apprised the City of Leno and Slowinski's actions, it sent new officers to investigate the assault. The district court correctly concluded that Butler failed to state a § 1983 claim against the City. *See id.* at 515-16 (holding plaintiff failed to state a claim against city where injury did not result from a city policy or practice and was not directed by an individual with final policy-making authority); *Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001) (same); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998) (same).

Finally, Butler argues on appeal that his due-process rights were violated when the clerk of the district court did not serve the defendants with a copy of his complaint. But the district court correctly screened Butler's complaint prior to service of process to determine whether he had stated a claim upon which relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and it is wholly within the district court's authority to dismiss sue sponte for failure to state a claim, *see Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). Therefore this argument is meritless.

AFFIRMED.