**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 9, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1439

| | |
|---|---|
| DONALD R. WIELD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-cv-570-jcs |
| | |
| RICK RAEMISCH, | John C. Shabaz, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

The Wisconsin Department of Corrections requires, by regulation, that any money an inmate earns during incarceration or receives from outside sources be deposited into a "general" or "trust" account administered by the DOC. *See* WIS. ADMIN. CODE DOC

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

§§ 309.02(8), .45-46, .48-49. Fifteen percent "of all income earned by or received for the benefit of the inmate," up to $500, is then deducted from the general account and deposited into a "release account" in the inmate's name. *Id.* §§ 309.02(18), .466(1). Release account funds, however, "may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." *Id.* § 309.466(2). Donald Wield, a Wisconsin inmate serving a life sentence without the possibility of parole or extended supervision, *see State v. Wield*, 668 N.W.2d 823 (Wis. App. 2003), claims that the diversion of income from his general account to his release account violates his constitutional rights. The district court permitted Wield to proceed against the secretary of the DOC under 42 U.S.C. § 1983, but then dismissed the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Wield appeals.

Wield argues that the DOC regulations, which predate the Wisconsin legislature's authorization of non-parolable life sentences, permanently deprive him of his property by diverting fifteen percent of his income into a release account that he will never be able to access because of his life sentence. *See* WIS. ADMIN. CODE DOC § 309.466(2). We review a dismissal under Rule 12(b)(6) de novo. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). The district court, in dismissing the complaint, analyzed the lawsuit on the assumption that Wield is claiming a denial of procedural due process under the Fourteenth Amendment. Wield, though, does not complain about inadequate procedural protections. Rather, he claims, in what he characterizes as a matter of substantive due process, that he is being permanently deprived of the funds in his release account because his non-parolable life sentence will preclude him from ever accessing those funds. In our view, however, Wield's claim is properly analyzed under the Takings Clause of the Fifth Amendment because that clause "provides an explicit textual source of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). It is thus unnecessary to discuss substantive due process. *See, e.g.*, *Koutnik v. Brown*, 456 F.3d 777, 781 (7th Cir. 2006); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *Patel v. Penman*, 103 F.3d 868, 874-75 (9th Cir. 1996).

The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, *see Chicago, Burlington, & Quincy R.R. Co. v. City of Chicago*, 166 U.S. 226 (1897), provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend. V. To establish a claim under the Takings Clause, a plaintiff must identify a property interest protected by the Fifth Amendment, *see Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984), and prove that the state has effected a taking of that property. Ordinarily a plaintiff cannot claim that the Takings Clause has been violated until after he has sought compensation from the state, *see Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson County*, 473 U.S. 172, 194 (1985); *Peters v. Vill. of Clifton*, 498 F.3d 727, 731-32 (7th Cir. 2007), though immediate relief may be available in federal court if the plaintiff is making a facial challenge to a state

regulation or legislative action authorizing a taking, *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 345-46 (2005); *Williamson County*, 473 U.S. at 194 n.13; *Peters*, 498 F.3d at 732.

We have previously held that inmates have a property interest in the funds in their prison accounts, *see Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986), and so the question here is whether the DOC regulations constitute a taking of Wield's property. But since Wield challenges the regulations only as applied to his unique circumstance (a life sentence without the possibility of parole or extended supervision), his takings claim is not yet ripe. Wield must seek compensation through state remedies before he can seek relief in federal court, *e.g.*, *Rockstead v. City of Crystal Lake*, 486 F.3d 963, 965-66 (7th Cir. 2007); *Peters*, 498 F.3d at 731-34; *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699 (7th Cir. 2005), and for that reason the district court should have dismissed the complaint without prejudice.

Accordingly, the district court's dismissal is MODIFIED to be without prejudice, and, as modified, the judgment is AFFIRMED.