In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3381

GREGORY SIMMONS,

*Plaintiff-Appellant*,

*v.*

TIMOTHY GILLESPIE, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 11-cv-1384—**Joe Billy McDade**, *Judge*.

ARGUED FEBRUARY 26, 2013—DECIDED MARCH 19, 2013

Before EASTERBROOK, *Chief Judge*, and ROVNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The Board of Fire and
Police Commissioners for Pekin, Illinois, determined
that Gregory Simmons, an officer of the city's police
department, had disobeyed an order. It suspended him
without pay for 20 days. A state court affirmed the
board's decision, but a court of appeals reversed after
concluding that the chief of police lacked authority to

issue the order in question. *Simmons v. Pekin Police and Fire Commission*, No. 3-08-0944 (Ill. App. 3d Dist. Oct. 13, 2009) (unpublished). Michael Campion, a psychologist, had concluded that Simmons was unfit for duty. Simmons told the chief that he had been evaluated by other psychologists who thought him able to serve. The chief ordered Simmons to ensure that these other psychologists provided Campion with their conclusions, supported by evaluations and data. The appellate court held in a divided decision that, as a matter of Illinois law, the chief could require an officer to provide no more than a psychologist's bottom line; since the chief had asked for facts and reasons, his order was unlawful, the court held.

Simmons then sued under 42 U.S.C. §1983, contending that the due process clause of the fourteenth amendment requires the city to make up the pay he lost as a result of the board's decision. He did not contend that the Constitution of its own force forbids suspensions or requires back pay. See *Gilbert v. Homar*, 520 U.S. 924 (1997); *FDIC v. Mallen*, 486 U.S. 230 (1988). Instead he maintained that state law entitles him to back pay. The district court dismissed the complaint, see Fed. R. Civ. P. 12(b)(6), holding that Illinois requires back pay only when *the board* rules in an officer's favor, see 65 ILCS 5/10–2.1–17, while here the favorable ruling came from a court. See *Simmons v. Gillespie*, 2012 U.S. Dist. Lexis 132224 (C.D. Ill. Sept. 17, 2012).

The parties' briefs in this court debate whether the district judge correctly understood §5/10–2.1–17. But

there are at least two antecedent inquiries: first, does the *Rooker-Feldman* doctrine prevent a federal court from addressing this question?; second, does a state actor's misapplication of state law violate the due process clause of the federal Constitution?

The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Those decisions hold that only the Supreme Court of the United States may set aside a state court's decision in civil litigation. The doctrine concerns the federal courts' subject-matter jurisdiction, so it must be raised even if the parties do not mention it (as neither side did in this litigation). At oral argument a judge asked Simmons's lawyer whether the goal of this suit is to set aside the decision of the state's appellate court, which did not specify that Simmons is entitled to back pay. Counsel gave an affirmative answer yet insisted that the *Rooker-Feldman* doctrine is irrelevant. Both propositions cannot be true simultaneously.

Although Simmons wants relief that the state judiciary did not provide (apparently it was never asked), that does not imply that the federal suit seeks to annul the state decision. The principal difference between claim preclusion (res judicata), which does not affect federal jurisdiction, and the *Rooker-Feldman* doctrine, which does, is that the latter doctrine deals with situations in which the state court's decision is the source of the harm that the federal suit is designed to redress. See *GASH Associates v. Rosemont*, 995 F.2d 726, 728 (7th Cir.

1993), approved by *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011), and *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005).

Simmons does not contend that the state court's decision caused him injury; he complains, rather, that the decision was not favorable enough. He does not want us to set it aside; that would knock out the victory on which he now relies. Defendants could have raised a defense of preclusion but chose not to do so. Simmons split his claim, presenting to state court a demand for one kind of relief and to federal court a demand for a different kind of relief. The law of preclusion forbids that maneuver, but it is an affirmative defense—and defendants seem indifferent to its benefits. Simmons has filed at least three suits. The third, in state court, also sought relief beyond what the 2009 decision provided. In that suit, as in this second one, the defendants forfeited the defense of preclusion. The state judiciary deemed the third suit untimely. *Simmons v. Pekin*, 2012 Ill. App. Unpub. LEXIS 2060 (3d Dist. Aug. 23, 2012). And by not bringing that decision to our attention, defendants have forfeited any defense of preclusion it might have afforded. Why the defendants are willing to undergo three suits rather than insist on their entitlement to peace following the initial decision is a mystery, but not one we need puzzle out.

Nor need we consider what §5/10–2.1–17 means. That would have been an issue for the state judiciary, had Simmons presented it to them—which he did not. The Constitution does not require states to ensure that their

laws are implemented correctly. *Archie v. Racine*, 847 F.2d 1211, 1215–18 (7th Cir. 1988) (en banc), collects decisions to that effect. For more recent decisions see, e.g., *Castle Rock v. Gonzales*, 545 U.S. 748 (2005); *Goros v. Cook County*, 489 F.3d 857 (7th Cir. 2007); *Avila v. Pappas*, 591 F.3d 552 (7th Cir. 2010).

The due process clause of the fourteenth amendment does require a state to afford an opportunity for a hearing before depriving someone of a property right created by state law. See, e.g., *Board of Regents v. Roth*, 408 U.S. 564 (1972). We assume that §5/10–2.1–17 creates a property interest in back pay. But Simmons does not want a hearing. He wants money. That's what the due process clause does *not* guarantee; the federal entitlement is to process, not to a favorable outcome.

Illinois offered Simmons ample process. He had a full hearing before being suspended. After the board ruled that he had been insubordinate, he enjoyed judicial review. Cf. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993); *Parratt v. Taylor*, 451 U.S. 527, 538–41 (1981) (the opportunity to litigate in state court is all the process due for a state actor's unauthorized departure from requirements of state law), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Simmons could have asked the state's appellate court to award back pay, but he did not. He could have asked the state's appellate court to remand to the board so that it could make the finding that would have entitled him to back pay even on the defendants' understanding of

§5/10–2.1–17, but he did not do that either. The due process clause does not permit a litigant to disdain his opportunities under state law and then demand that the federal judiciary supply a remedy.

The district judge should not have used a §1983 suit to resolve a claim that rests entirely on a proposition of state substantive law. But no harm has been done. Simmons is not entitled to a federal remedy, so the judgment is

AFFIRMED.