**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019[*]
Decided September 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2775

|  |  |
|---|---|
| KENNETH OKAIGYA ANNAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-cv-3784 |
| TERRENCE BENIGNETTI, *et al.*, *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

To collect an unpaid child-support debt, the Illinois Department of Healthcare and Family Services placed a lien on Kenneth Annan's bank account; Annan contested the lien administratively and lost. In this suit, Annan accuses the Department and two of its employees of depriving him of his funds without due process. The district court granted the defendants' motion to dismiss. Because Annan failed to state a valid claim that the defendants deprived him of property without adequate process, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We treat Annan's well-pleaded allegations as true. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010). Annan, who was underemployed, had difficulty meeting his child-support obligations. When the Department refused to reduce those obligations, Annan's financial difficulties intensified. To pay his bills and avoid eviction, Annan transferred money from a retirement fund into his bank account. But the Department placed a lien on his bank account, preventing Annan's access to those funds, in order to satisfy his unpaid support obligations. *See* ILL. ADMIN. CODE tit. 89, § 160.70(f)(2)(A) (2014) (the Department "shall impose liens" against debtor's personal property to enforce past-due child-support obligations).

Annan challenged the lien administratively. Testifying at a hearing before an administrative law judge, Annan said that he had withdrawn money from his pension to avoid eviction. The ALJ told Annan that he was "convinced" that the Department would lift the lien if Annan proved this fact, so he had Annan send the Department his proof. Annan did so, and he later spoke with a Department employee who told him that the Department would act on the evidence. The next time they spoke, the employee offered the Department's compromise—it would release half the disputed funds and keep the other half. Annan rejected the offer. The employee then referred Annan to another Department official who never responded to Annan's calls. Eventually, the agency issued its final administrative decision, rejected Annan's hardship defense, and affirmed the lien. In the decision, the Department's director wrote that Annan may appeal to the circuit court. *See* 735 ILL. COMP. STAT. 5/3-111(a)(5) (2008). The two employees whom Annan had called never told him about his appeal right. Annan did not receive a mailed copy of the Department's decision, and he did not appeal.

Annan sued the Department and the two employees for acquiring his money without due process. *See* 42 U.S.C. § 1983. The district court granted the defendants' motion to dismiss. The court first concluded that the Eleventh Amendment barred Annan's claims against the Department and the employees in their official capacities. It then ruled that Annan failed to state due-process claims against the employees in their personal capacities because he did not allege that the administrative procedures were inadequate or that the employees were personally responsible for any deficiency. Dismissing the complaint without prejudice, the court gave Annan 30 days to amend it. He timely moved to amend, but the court denied his motion, ruling that the proposed complaint did not cure the deficiencies. It then dismissed the case with prejudice.

Before addressing the merits, we must assure ourselves that we have jurisdiction. An order is appealable only "if it ends the litigation and leaves nothing to be decided in the district court." *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 824 F.3d 645, 650 (7th Cir. 2016). The initial dismissal of the complaint without prejudice and with leave to amend was not a final appealable decision. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1026 (7th Cir. 2013). The fact that the court entered a separate judgment does not change the finality of that decision. When the court later denied the motion to amend and dismissed the case with prejudice (on July 3, 2018), its decision was then final, but it did not enter a separate judgment afterwards, so we treat the judgment as having been entered 150 days later. *See Calumet River*, 824 F.3d at 650 (citing FED. R. CIV. P. 58(c)(2)(B)). The 150-day period ended on November 30, 2018. Annan filed his notice of appeal before then, on August 9, 2018, so it "is treated as filed on the date of and after the entry" of the judgment, making it timely. *Calumet River*, 824 F.3d at 650 (quoting FED. R. APP. P. 4(a)(2)).

On the merits, Annan maintains that the defendants deprived him of due process by refusing to modify his debt obligations, by placing a lien on his bank account, and by failing to notify him of his right to appeal the ALJ's ruling. We first address the district court's dismissal of his claims against the Department and its employees in their official capacities. The district court rightly dismissed those claims, though it need not have discussed the Eleventh Amendment. Those claims, which were against the state, are not permitted under § 1983 because, as the state correctly argues, a state is not a "person" under that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779–80 (2000) (stating that courts should address statutory issues before Eleventh Amendment issues).

Annan has also failed to state a due-process claim against the Department's two employees in their personal capacities. Annan had to allege that they deprived him of his property without sufficient process. *See Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). But he does not contest the constitutionality of the Illinois administrative procedures that the employees followed. Those procedures required the Department to place liens on his personal property to enforce his unpaid child-support obligations, *see* ILL. ADMIN. CODE tit. 89, § 160.70(f)(2)(A), followed by Annan's right to request an administrative hearing, *see id.* § 160.70(f)(2)(B)(v), the pendency of which stayed enforcement of the lien, *see id.* § 160.70(f)(2)(E). Annan also does not argue that judicial review in state court was insufficient process. *See* 735 ILL. COMP. STAT. 5/3-111(a)(5) (2008).

Instead, Annan faults the two employees whom he contacted because, he alleges, they intentionally did not tell him that he could seek judicial review. But this contention is meritless. "[T]he relevant constitutional question is whether sufficient state-law protections *exist*, not whether sufficient protections were *afforded."* Michalowicz, 528 F.3d at 534. State law (the adequacy of which Annan does not contest) required the Department through its director to notify him of his right to judicial review. *See* ILL. ADMIN. CODE tit. 89, § 160.70(p) (2014). Thus, Annan may not seek damages from the two employees he called because due process requires only *sufficient* process, not his preferred additional process from these two employees.

Annan replies that the employees must pay damages because the director, whom he has not sued, addressed the notice of his right to appeal to the wrong location (or never mailed it) and failed to explain adequately the refusal to modify his support obligations. But Annan has not alleged that the two employees personally controlled the mailing or the support-modification decisions. Their lack of personal involvement defeats the claim. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003).

Finally, Annan argues that the district court unreasonably denied his motion to amend his complaint by not explaining why the proposed complaint was unacceptable. But the court explained that the proposed complaint did not cure the earlier defects, including lack of personal involvement. So the court permissibly used its discretion. *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052–53 (7th Cir. 2019).

AFFIRMED