In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1686

JOSE VARGAS, *et al.*,

*Plaintiffs-Appellants*,

*v.*

COOK COUNTY SHERIFF'S MERIT BOARD, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18 CV 1598 — **Charles R. Norgle**, *Judge*.

ARGUED DECEMBER 2, 2019 — DECIDED MARCH 11, 2020

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. This § 1983 case arises out of disciplinary decisions issued by the Cook County Sheriff's Merit Board between 2013 and 2016. The plaintiffs are current and former sheriff's deputies and correctional officers who were disciplined for violating various departmental policies and rules. Seven of the eight plaintiffs were fired; the remaining officer was suspended. They seek to represent a class of

officers who were disciplined during the relevant time period.

The complaint alleges two claims for deprivation of due process. The first rests on a defect in the composition of the Merit Board: at the time of the challenged disciplinary decisions, certain Board members held their appointments in violation of Illinois law. The second alleges that Cook County Sheriff Thomas Dart and Nicholas Scouffas, his General Counsel, assumed control of the Board through political means and pressured its members to make decisions contrary to Illinois law. The plaintiffs also seek relief under multiple state-law theories.

The district judge dismissed the due-process claims and relinquished jurisdiction over the state-law claims. We affirm that judgment. A violation of state law is not a federal due-process violation, so the defect in the Board's membership is not a basis for a federal constitutional claim. And the allegations of biased decisionmaking suggest only that the plaintiffs may have suffered a random and unauthorized deprivation of their property interest in public employment. An injury of that type is not a violation of due process as long as the state offers adequate postdeprivation remedies. We have long held that Illinois provides constitutionally adequate postdeprivation remedies for aggrieved public employees. The judge properly dismissed this suit.

## I. Background

The Cook County Sheriff's Merit Board has the exclusive authority to discharge, demote, or suspend officers for violating the department's rules, regulations, or code of conduct. The Board was created by the Illinois County Police

Department Act ("Merit Board Act"), which is codified in the Illinois Counties Code. 55 ILL. COMP. STAT. 5/3-7001 *et seq.* Board members are appointed by the Sheriff to a six-year term with the advice and consent of the County Board of Commissioners. *Id.* § 3-7002.

This case is part of a litigation explosion that followed the Illinois Appellate Court's decision in *Taylor v. Dart*, 81 N.E.3d 1 (Ill. App. Ct. 2017). In 2011 Sheriff Dart received permission from the County Board to appoint John Rosales to fill a mid-term vacancy on the Merit Board. Rosales finished his predecessor's term and continued to serve indefinitely after the term expired. *Id.* at 4. In 2013 he participated in a disciplinary proceeding against Officer Percy Taylor, culminating in the termination of Taylor's employment. Taylor challenged his discharge, and the state appellate court ruled that Rosales's appointment was unlawful: the appointment of a Merit Board member for anything less than a full six-year term conflicted with the express terms of the Merit Board Act. *Id*. at 6–8. Because the Board was unlawfully constituted when it fired Taylor, the court voided the discharge decision. *Id*. at 8–10. The Illinois General Assembly quickly amended § 3-7002 to reset the terms of all Board members and permit an interim appointment in the event of a future Board vacancy. § 3-7002 (amended Dec. 8, 2017).

In the wake of *Taylor*, current and former employees of the Sheriff's Office flooded the courts with suits to invalidate hundreds of decisions made when the Board was unlawfully constituted. The Illinois Appellate Court then decided a series of cases limiting *Taylor*'s scope. *See, e.g., Acevedo v. Cook Cty. Sheriff's Merit Bd.*, 129 N.E.3d 658 (Ill. App. Ct.

2019); *Cruz v. Dart*, 127 N.E.3d 921 (Ill. App. Ct. 2019); *Lopez v. Dart*, 118 N.E.3d 580 (Ill. App. Ct. 2018). In these cases the court applied the de facto officer doctrine, which validates an act performed by a person under the color of official title even if it is later discovered that the person was illegally appointed or elected. *See Ryder v. United States*, 515 U.S. 177, 180 (1995); *Taylor*, 81 N.E.3d at 10. Most recently, the court in *Pietryla v. Dart* upheld a 2012 Board decision despite irregularities in the appointment of Board members who issued the decision. __ N.E.3d __ , No. 1-18-2143, 2019 WL 3416670, at *1 (Ill. App. Ct. July 26, 2019).

Returning now to our case, the plaintiffs are eight current and former Sheriff's deputies and correctional officers who were disciplined by the Board between 2013 and 2016. Seven were fired and one was suspended. The grounds for their discipline range from the use of excessive force to unauthorized absences from work to theft of a prosecutor's iPad. Shortly after *Taylor* was decided, they filed this civil-rights suit in federal court seeking to represent a class of Sheriff's Office employees who were disciplined by an improperly constituted Merit Board during the relevant time period. The defendants are Sheriff Dart, the Merit Board, Scouffas, and Cook County Board President Toni Preckwinkle.

The amended version of the complaint raises ten claims. Count I alleges that the plaintiffs were deprived of a property interest in their employment without due process of law because the Board was unlawfully constituted when it imposed discipline against them. Count II, also a due-process claim, alleges that Sheriff Dart selected Board members based on campaign contributions or other political favors and that Dart and Scouffas threatened to remove

Board members if they declined to impose the discipline requested by the Sheriff's Office. The remaining counts raise assorted state-law claims and allege grounds for class certification.

The defendants moved to dismiss the federal claims, *see* FED. R. CIV. P. 12(b)(6), and the judge granted the motion. He began by explaining that the legality of the Merit Board's membership is purely a state-law question, not a federal constitutional question, so Count I necessarily failed. Count II describes, at most, a series of random and unauthorized departures from state law for which adequate postdeprivation remedies would suffice to satisfy federal due-process requirements. Circuit precedent holds that Illinois provides constitutionally adequate postdeprivation remedies for this type of injury, so the judge dismissed Count II as well.

That left only the claims under state law. The judge declined to exercise supplemental jurisdiction over the remaining claims and entered final judgment, setting up this appeal.

## II. Discussion

The Fourteenth Amendment's Due Process Clause provides: "No State shall … deprive any person of life, liberty, or property without due process of law … ." U.S. CONST. amend. XIV. Public employees who are dischargeable only for cause have a property interest in continued employment and may not be deprived of that interest without notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–41 (1985); *Carmody v. Bd. of Trs. of Univ. of Ill.*, 747 F.3d 470, 476 (7th Cir. 2014). The formality

and degree of the process that is due depends on the nature of the private interest at stake, the risk of decisional error, and the government's interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Because the constitutional guarantee of due process of law "calls for such procedural protections as the particular situation demands," *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), its content is a variable rather than a constant. But it's not dictated by state law; that is, a state's failure to comply with its own law is not a federal due-process violation. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013). Indeed, a state may *disregard* its own law without depriving a person of due process of law. *Magnuson v. City of Hickory Hills*, 933 F.2d 562, 567 (7th Cir. 1991).

This isn't a novel rule. It has been clear for decades that noncompliance with state law is not itself a deprivation of due process of law. *See Davis v. Scherer*, 468 U.S. 183, 192–96 (1984); *Germano v. Winnebago County*, 403 F.3d 926, 929 (7th Cir. 2005); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Rowe v. DeBruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1216–17 (7th Cir. 1988) (en banc). So settled is this rule that in a recent case on materially identical facts, we did not consider it necessary to issue a published opinion. *Oesterlin v. Cook Cty. Sheriff's Dep't*, 781 F. App'x 517 (7th Cir. 2019).

In *Oesterlin* a recently fired employee of the Cook County Sheriff's Department raised the same argument the plaintiffs make here: because the Merit Board was unlawfully constituted when it discharged him, he suffered a due-process violation. *Id.* at 519. We summarily rejected this argument, noting as a general matter that "§ 1983 and the Due Process

Clause do not provide a remedy for violations of state law." *Id.* at 522. More specifically, we explained that the Fourteenth Amendment's guarantee of due process is an independent federal standard for procedural fairness but does not establish a federal rule governing the length of a Merit Board member's term. *Id.*

*Oesterlin* was a nonprecedential order, but its analysis applies in full here. The Illinois Appellate Court has ruled that the irregularities in the Merit Board's membership between 2011 and 2016 means that the Board was unlawfully constituted during that time period. But this violation of state law is not actionable under § 1983 as a deprivation of due process.

The complaint also alleges that Dart and Scouffas pressured Merit Board members to make biased decisions, interfering with the Board's exclusive statutory authority to discipline officers. This is not a challenge to the disciplinary procedures prescribed by Illinois law. Rather, the complaint describes a series of random and unauthorized departures from state law, resulting in deprivation of the plaintiffs' property interest in continued public employment.

When a state official deprives a person of his property through a random, unauthorized act that departs from state law, the federal due-process guarantee requires only that the state provide an adequate postdeprivation remedy. *Simmons*, 712 F.3d at 1044; *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008). Random, unauthorized acts are, after all, inherently unpredictable, so a plaintiff can prevail on a due-process claim premised on this type of official action only if state law fails to provide an adequate

postdeprivation remedy. *Simmons*, 712 F.3d at 1044; *Michalowicz*, 528 F.3d at 535.

We have repeatedly recognized that the Illinois Administrative Review Act provides a constitutionally adequate postdeprivation remedy for public employees to challenge random and unauthorized departures from state law in disciplinary decisions. *See Cannici v. Village of Melrose Park*, 885 F.3d 476, 480 (7th Cir. 2018) (collecting cases). The plaintiffs insist that the Illinois Appellate Court's application of the de facto officer doctrine deprives them of what *might otherwise be* an adequate state-law remedy. They contend that they are doomed to lose if they litigate in state court.[1]

What an Illinois judge does with the plaintiffs' state-law litigation does not change the federal constitutional analysis. In any event, the de facto officer doctrine doesn't prevent an Illinois court from reviewing a claim that the Merit Board was biased. Indeed, in *Lopez v. Dart*, the Illinois Appellate

---

[1] Two of the plaintiffs have already lost in state court. Ronnie McGregor and William Valentine challenged their disciplinary decisions years ago in state court and lost. Neither of them appealed. *See Vargas v. Cook Cty. Sheriff's Merit Bd.*, No. 18 CV 1598, 2019 WL 1418059, at *3 (N.D. Ill. Mar. 29, 2019). They're precluded from bringing a second lawsuit against the same parties based on the same common nucleus of operative facts. *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). Jaime Mireles, Jr., also pursued a claim in state court, but in May 2015 he filed a Chapter 7 bankruptcy petition listing a "wrongful termination" claim against Cook County as his personal property and valued the claim at "$0.00." In August 2015 the bankruptcy court granted a discharge, so Mireles can't prosecute this claim against the defendants. *See In re Polis*, 217 F.3d 899, 904 (7th Cir. 2000) (holding that the bankruptcy trustee is the proper party to a postpetition lawsuit arising from a prepetition claim).

Court noted that a state-court judge may reverse a Board decision if it is against the manifest weight of the evidence or if the Board imposes an arbitrary or capricious punishment. 118 N.E.3d at 596–98. In *Cruz v. Dart*, the court remanded the case for reconsideration because the Board's decision did not contain any findings that specifically supported cause for termination. 127 N.E.3d at 935.

These decisions confirm that Illinois law provides an adequate postdeprivation remedy for injury to a public employee's property interest in continued employment. Accordingly, the judge correctly dismissed the plaintiffs' due-process claims. When the claims supporting federal jurisdiction drop out of the case, the usual practice is to relinquish jurisdiction over any remaining state-law claims. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480–81 (7th Cir. 2012). The judge properly followed that norm here.

AFFIRMED