NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013[*]
Decided August 30, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1609

| | |
|---|---|
| ELOUISE BRADLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 12-C-1244 |
| WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, | Rudolph T. Randa, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Elouise Bradley appeals from the dismissal of her lawsuit against the Wisconsin Department of Children and Families. We affirm the judgment.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Bradley sued the Department in federal court after it revoked her license to operate a childcare center. *See* WIS. STAT. §§ 48.65–48.66, 48.715. Bradley's claims are poorly defined, but she principally alleges that the Department's stated reason for the revocation—child abuse and neglect—is pretextual and that the Department actually shut down her business because of her race and age. Her complaint might also be read to claim that the Department defamed her and caused her to suffer emotional distress.

The Department moved to dismiss the lawsuit on three grounds. First, the Department argued that, to the extent Bradley complains about administrative action resulting in the revocation of her license, her exclusive remedy is a petition for judicial review under the state's Administrative Procedure Act. *See* WIS. STAT. §§ 48.72, 227.52–227.53; *State ex rel. First Nat'l Bank of Wis. Rapids v. M & I Peoples Bank of Coloma*, 263 N.W.2d 196, 200 (Wis. 1978). Second, the Department argued that Bradley's claims, if arising under state tort law, are barred by the Eleventh Amendment as well as sovereign immunity. Lastly, the Department asserted that, if Bradley is claiming a constitutional violation actionable under 42 U.S.C. § 1983, then her complaint fails to state a claim for relief, *see* FED. R. CIV. P. 12(b)(6), because the Department is not a "person" within the meaning of § 1983. In her response Bradley did not confront the Department's asserted defenses but requested a pretrial hearing and added that the defendant had deprived her of a property right in her daycare license. The district court granted the Department's motion, though the court read Bradley's complaint more narrowly than the agency. The court understood Bradley to be complaining about regulatory action taken by the Department, and that dispute, the court reasoned, is beyond its subject-matter jurisdiction. The court did not construe Bradley's complaint to include claims arising under state tort law, and reasoned that sovereign immunity bars any claim that Bradley intended to raise under § 1983.

On appeal Bradley does not quarrel with the district court's reading of her complaint. Neither does she challenge the court's rejection of her state-law claim about the Department's regulatory action, and so we need not discuss the jurisdictional limitation perceived by the district court. Bradley's only argument in this court concerns constitutional claims she intended to pursue under § 1983. The district court reasoned that Bradley's § 1983 theories are not actionable because the Department is entitled to sovereign immunity, but that conclusion overlooks a more-fundamental problem. As the agency recognizes, the Department is not a person subject to liability under § 1983, *see Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Johnson v. Supreme Court of Ill.,* 165 F.3d 1140, 1141 (7th Cir. 1999), and district courts always should address statutory defenses under § 1983 before constitutional ones, *Parker v. Franklin County Cmty. Sch.*

*Corp.,* 667 F.3d 910, 925 (7th Cir. 2012). Because the Wisconsin Department of Children and Families is a state agency, *see* WIS. STAT. § 15.20, Bradley cannot pursue a § 1983 suit against it.

**AFFIRMED**.