NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided March 2, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2821

| | |
|---|---|
| ELOUISE BRADLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 14-CV-429-JPS |
| JENNIFER SABREE, et al., | |
| *Defendants-Appellees.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Elouise Bradley appeals the dismissal of her lawsuit under 42 U.S.C. § 1983 alleging that she was denied due process when her license to operate a childcare center was revoked. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Although her complaint is difficult to follow, the crux of her claim is that officials from the Wisconsin Department of Children and Families revoked her license without providing her a hearing to contest the revocation. Bradley alleged that she ran a day-care program (for eight children) until 2012. That year, she says, a former employee (whom Bradley had reported for mistreating a child) called the DCF to report that Bradley was running an "illegal day care." Based on that allegation and photographs of the center that were taken by a DCF employee without Bradley's permission at a time when the space was being reorganized, her license to operate a childcare center was revoked. The reason given for the revocation was unsafe conditions.

Bradley responded by filing the first of two suits challenging the revocation of her license. In 2012 she sued the DCF, alleging racial discrimination in connection with the revocation. We upheld the district court's dismissal of the suit because the DCF is not a person subject to liability under § 1983. See *Bradley v. Wis. Dep't of Children & Families*, 528 F. App'x 680 (7th Cir. 2013); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

In 2014 Bradley filed this suit against three DCF officials and three employees of Lutheran Social Services, alleging that they denied her due process by revoking her license without a hearing and failed to comply with WIS. STAT. § 227.51(3), which requires notice and an opportunity to show compliance before a license can be revoked.

Both sets of defendants moved to dismiss the complaint for failure to state a claim, and the district court granted the motions. The court determined that Bradley failed to state a claim against the DCF defendants because her exclusive remedy to challenge the DCF's actions was through the state's Administrative Procedure Act, see WIS. STAT. §§ 48.72, 227.42–.58, and in any event she did not allege any ground on which relief could be granted. As for the non-DCF defendants, the court explained that Bradley did not assert any claims against them in her complaint (their names appeared only as signatories on attachments related to her foster-care provider's license).

On appeal Bradley ignores the court's conclusion that the state's APA provides the only means of challenging the DCF's actions and continues to assert that she stated a due-process claim when she alleged that the defendants violated WIS. STAT. § 227.51(3) by revoking her license without giving her an opportunity to show compliance with state regulations. But to the extent she argues that the DCF defendants did not follow state procedures, she cannot succeed. It is well established that "a state's violation of a state statute does not, as such, violate the federal Constitution." *Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743, 749–50 (7th Cir. 2012) (citing cases); *Domka v.*

*Portage Cnty., Wis.,* 523 F.3d 776, 784 (7th Cir. 2008). To the extent she argues that the DCF defendants violated her due process rights because of random and unauthorized conduct, once again she misses the point. In order to state a claim, she would need to suggest some inadequacy in Wisconsin's process for reviewing the revocation of a license, but she has not done so. See WIS. STAT. §§ 48.72, 227.42–.58; *Michalowicz v. Vill. of Bedford Park,* 528 F.3d 530, 534 (7th Cir. 2008); *Doherty v. City of Chi.,* 75 F.3d 318, 323–24 (7th Cir. 1996).

Bradley next generally challenges the district court's dismissal of the non-DCF defendants from the lawsuit. The district court's order dismissing those parties considered both a possible failure to state a claim, Federal Rule of Civil Procedure 12(b)(6), and lack of subject-matter jurisdiction, Rule 12(b)(1). Jurisdiction comes first, however, and so we begin (and end) with the dismissal under Rule 12(b)(1). Bradley did not mention the non-DCF defendants in her complaint, and in any event, we can discern no basis for federal jurisdiction over any claims she may have against them. She did not allege diversity of citizenship, see 28 U.S.C. § 1332, and her complaint reveals no possible non-frivolous federal question, see 28 U.S.C. § 1331; *Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir. 2013), *cert. denied,* 134 S. Ct. 1298 (2014). Further, Bradley does not develop any argument on appeal suggesting how the district court erred in dismissing these defendants. Although we construe *pro se* filings liberally, *pro se* litigants still must give some reason to disturb the district court's decision. See FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

We have reviewed all of Bradley's remaining contentions, and none has merit. Accordingly, we AFFIRM the judgment.