In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1774

ELOUISE BRADLEY,

*Plaintiff-Appellant,*

*v.*

JENNIFER SABREE, ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 15-CV-1384-PP — **Pamela Pepper**, *Judge.*

SUBMITTED AUGUST 26, 2016 — DECIDED SEPTEMBER 6, 2016

Before MANION, ROVNER and HAMILTON, *Circuit Judges.*

PER CURIAM. Elouise Bradley appeals the dismissal of her civil-rights lawsuit alleging that employees of the Wisconsin Department of Children and Families and Lutheran Social Services played a role in the improper revocation of her license to operate a childcare center. We affirm.

This is Bradley's third appeal from lawsuits alleging improprieties with her license revocation. *See Bradley v. Wis. Dep't of Children & Families*, 528 F. App'x 680 (7th Cir. 2013) (affirming dismissal of suit against department, a state agency, which is not subject to § 1983 liability); *Bradley v. Sabree*, 594 F. App'x 881 (7th Cir. 2015) (affirming dismissal of § 1983 suit against department officials and social-service workers for failure to state a claim). In the complaint here, Bradley again alleged that her license was improperly revoked because of actions by six people—five of whom she had sued in her second suit. As she asserted, two department employees, without permission, photographed the space in her home where she operated the daycare program and was in the process of reorganizing; they then falsely accused her of child abuse and neglect and forced her to surrender her license. Bradley further alleged that an employee interviewed her adopted son without her consent and did not fix an incorrect report accusing her of child abuse. Besides the five defendants she had sued earlier, Bradley named one other state employee, Kari Kerber, who she alleged had investigated her for child neglect—thereby contributing to the daycare's closure. All of the defendants, Bradley asserts, violated the "Federal Right to Privacy Act" (most likely referring to the Privacy Act of 1974, 5 U.S.C. § 552a), the Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5106(a), the Fourth and Fourteenth Amendments, the Due Process Clause, and 42 U.S.C. §§ 1983, 1985(3). The state defendants moved to dismiss the complaint as being barred by claim preclusion and for failure to state a claim.

The district court dismissed the claims against all of the defendants.[1] The court first concluded that claim preclusion barred the claims against the five who had been defendants in the second lawsuit because the claims there were based on the same events as the current suit. As for the sixth defendant, Kerber, the court concluded that the complaint failed to state a claim under any constitutional provision or federal statute identified by Bradley.

On appeal Bradley does not meaningfully challenge the district court's application of claim preclusion and instead maintains that her complaint stated a claim. But the court properly concluded that claim preclusion bars her claims here because they involved the same parties (five of the defendants, not including Kerber) as well as the same core of operative facts, and the litigation in the prior suit had resulted in a

---

[1] The court dismissed Bradley's claims against the two unserved non-DCF defendants based on the belief that 28 U.S.C. § 1915(e)(2), a provision within the statute governing in forma pauperis proceedings, required it to screen complaints filed by self-represented plaintiffs, and dismiss any complaint that failed to state a claim. Although we have stated that 28 U.S.C. § 1915(e)(2) applies to fee paying plaintiffs like Bradley, *see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), other circuits have disagreed, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.10 (3d Cir. 2002); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Benson v. O'Brian*, 179 F.3d 1014, 1016–17 (6th Cir. 1999); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). We need not reconcile any possible conflict because it makes no difference in this case. The district court has authority to dismiss defective claims, and the procedural protections that we have outlined—notice and opportunity to respond, *see Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996)— were satisfied by the state defendants' motion to dismiss, and Bradley herself was able to file a response.

final judgment on the merits. *See Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283–84 (7th Cir. 2007). Bradley does not try to clarify her claims against Kerber, the defendant who was not involved in the prior suit, and we see no basis to disturb the court's decision that Bradley failed to state a claim against Kerber or any of the other defendants.

We have reviewed all of Bradley's remaining contentions, and none has merit. We warn Bradley that submitting further frivolous appeals to this court may result in sanctions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.