**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 16, 2018[*]

Decided March 19, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 17-2923 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| ELOUISE BRADLEY, *Plaintiff-Appellant,* | |
| *v.* | No. 17-CV-509-JPS |
| WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, *et al.,* *Defendants-Appellees.* | J.P. Stadtmueller, *Judge.* |

**Order**

As in other suits that she has already lost, Elouise Bradley asserts in this suit under 42 U.S.C. §1983 that the Wisconsin Department of Children and Families and three of its employees improperly revoked her license to operate a childcare center. She also sues the civil litigation division of the Wisconsin Department of Justice and three other par-

---

[*] Defendants were not served with process and are not participating in this appeal, which we decide without oral argument because it is frivolous. Fed. R. App. P. 34(a)(2)(A).

ties. Bradley challenges the dismissal of her lawsuit, which the district court ruled was frivolous. We agree with that ruling, affirm the judgment, and enter a sanction.

In the past five years Bradley has lost three appeals in suits accusing some or all of the defendants in this case of violating her constitutional rights by revoking her daycare license. *Bradley v. Sabree*, 842 F.3d 1291 (7th Cir. 2016) (*Bradley III*); *Bradley v. Sabree*, 594 F. App'x 881 (7th Cir. 2015) (*Bradley II*); *Bradley v. Wisconsin Department of Children & Families*, 528 F. App'x 680 (7th Cir. 2013) (*Bradley I*). In her first appeal, we affirmed the dismissal of her suit against the Wisconsin Department of Children and Families because it is not a "person" under §1983. *Bradley I*, 528 F. App'x at 681. In her second appeal, a suit against the same employees she names in this suit, we affirmed the district court's dismissal for failure to state a claim and for lack of jurisdiction. *Bradley II*, 594 F. App'x at 883. Her third go-around was a repeat of the first suit, and we affirmed the dismissal because the suit was barred by claim preclusion. *Bradley III*, 842 F.3d at 1293.

In this fourth appeal we again confront a district court's order dismissing Bradley's claims against the same defendants for the same alleged wrongs. Although we construe Bradley's brief liberally, *Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001), we cannot glean a meaningful argument challenging the district court's resolution of the suit. Claim preclusion bars most of Bradley's theories because they involve the same parties and the same core of operative facts as her prior suits, which ended with a final judgment on the merits in the defendants' favor. See *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013); *Ross v. Board of Education of Township High School District 211*, 486 F.3d 279, 283 (7th Cir. 2007). As for the new defendants, Bradley does not assert any coherent claim against them.

Bradley contends that the district judge is biased against her and should not have decided the case. The adverse decisions are the only reason she thinks the judge biased, but the best explanation of the decisions is that the judge sincerely thinks the claims unavailing. Prior adverse decisions do not disqualify a judge. See *Liteky v. United States*, 510 U.S. 540 (1994).

We have warned Bradley that further frivolous appeals may result in penalties. *Bradley III*, 842 F.3d at 1293. She disregarded our warning. Two penalties are appropriate. First, by pursuing a frivolous course of litigation Bradley has forfeited her privilege of litigating without prepayment of fees (that is, suing *in forma pauperis*) under 28 U.S.C. §1915. See *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992). Second, we fine her $1,000 and enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Until she pays that fine she is barred from filing papers in any federal court within this circuit except for the defense of criminal cases or applications for writs of habeas corpus. Bradley may submit to this court, no earlier than two

years from the date of this order, a motion to modify or rescind this order. And even if she pays the $1,000 fine, she must pay all required filing fees in her future cases. (That is to say, these two penalties are cumulative, not alternative.)

The district court's judgment is affirmed. The sanctions we have mentioned will be entered as separate orders.